NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE CASTANEDA FLORES, | No. 17-73071 |
| Petitioner, | Agency No. A205-465-498 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[*]
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Jose Castaneda Flores, a native and citizen of Mexico and a naturalized

citizen of Ecuador, petitions for review of a decision of the Board of Immigration

Appeals ("BIA") affirming an immigration judge's ("IJ") denial of Castaneda

Flores's application for withholding of removal and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We deny the petition for review in part and dismiss it in part.

Substantial evidence supports the BIA's finding that Castaneda Flores failed to establish past persecution for purposes of withholding of removal because the sole threat was vague, indirect, and unfulfilled. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution[.]"); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that "threats alone, particularly anonymous or vague ones, rarely constitute persecution"); *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (explaining the petitioner's burden to show past persecution, including establishing that "his treatment rises to the level of persecution").

Substantial evidence also supports the BIA's finding that Castaneda Flores failed to establish a clear probability of future persecution for purposes of withholding of removal. *See Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) (per curiam) (finding threats of harm too speculative to meet the threshold for withholding of removal); *see also Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are

2

*not* harmed." (citations and internal quotation marks omitted)).

We do not consider Castaneda Flores's contention that the IJ erred in analyzing the nexus between the feared persecution and the protected ground because the BIA did not rely on that ground in its decision. *See Santiago-Rodriguez*, 657 F.3d at 829 ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

We lack jurisdiction to consider Castaneda Flores's arguments concerning the particular social group of Americanized Mexican male deportees and any childhood sexual abuse because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (explaining that this Court lacks jurisdiction to consider issues or claims not exhausted in administrative proceedings below).

Substantial evidence supports the BIA's finding that Castaneda Flores failed to establish that he is "more likely than not [to] be tortured with the consent or acquiescence of a public official if removed" to Mexico for purposes of CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (explaining the petitioner's burden to show eligibility for CAT protection). Castaneda Flores's contention that the BIA failed to analyze his CAT claim with sufficient specificity lacks merit.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**